**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF CONNECTICUT
HARTFORD DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| FIRST CONNECTICUT CONSULTING GROUP, INC., | Case No. 02-50852 (JJT) |
| Debtor. | |
| In re: | Chapter 7 |
| JAMES LICATA, | Case No. 02-51167 (JJT) |
| Debtor. | |

**SUPPLEMENTAL BRIEF OF JAMES LICATA AND FIRST CONNECTICUT
CONSULTING GROUP, INC. IN SUPPORT OF AN ORDER CONVERTING THESE
CHAPTER 7 CASES TO CASES UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

# TABLE OF CONTENTS

BACKGROUND .................................................................................................................... 1

ARGUMENT...................................................................................................................... 3

I.  James Licata Qualifies as a "Party in Interest" under 11 U.S.C. § 706(b), both in his individual Chapter 7 case and the Chapter 7 case of First Connecticut Consulting Group.............................................................................................................. 3

II.  The Doctrine of *Res Judicata* Does Not Preclude Mr. Licata from Asserting a Pecuniary Interest in His Individual Chapter 7 case or the Chapter 7 case of First Connecticut Consulting Group, and Does Not Preclude Him from Qualifying as a "Party in Interest." ............................................................................................................ 5

III.  Bankruptcy Courts have Determined that a Chapter 7 Debtor without a Pecuniary Interest Directly Affected by the Bankruptcy Proceeding Qualifies as a "Party in Interest" under 11 U.S.C. § 706(b) .................................................................................. 7

CONCLUSION.......................................................................................................... 10

## TABLE OF AUTHORITIES

**Cases**

*Home Network Builders, Inc.*, 2006 WL 3419791 (D.N.J. Nov. 22, 2006)................................. 10

*In re Baker*, 289 B.R. 764 (Bankr. M.D. Al. 2003) (Section 706(b))............................................ 5

*In re Devonian Mineral Spring Co.*, 272 F. 527 (N.D. Ohio 1920) .............................................. 4

*In re First Connecticut Consulting Group, Inc.*, WL 5092269 (Bankr. D. Conn. Oct. 9,
    2014) ......................................................................................................................................... 7

*In re Frantz*, 2015 WL 1778068 (Bankr. D. Id. Apr. 16, 2015) ........................................... 10, 11

*In re Karlinger-Smith*, 544 B.R. 126 (Bankr. W.D. Tex. 2016) .................................................. 11

*In re Kutner*, 3 B.R. 422 (Bankr. N.D. Tex. 1980) ................................................................ 3, 4, 8

*In re Licata*, 659 Fed. Appx. 704 (2d Cir. 2016) ......................................................................... 7

*In re Lobera*, 454 B.R. 824 (Bankr. D.N.M. 2011) ..................................................................... 11

*In re Marlow Curtis LaFountaine*, Case No. 14-22000 (SY) [ECF No. 75] (Bankr.
    C.D.Ca. Nov. 19, 2015) ............................................................................................................ 9

*In re Quinn*, 490 B.R. 607 (Bankr. D.N.M. 2012) ....................................................................... 11

*In re Seychelles*, 30 B.R. 72 (Bankr. N.D.Tex. 1983) .................................................................. 5

*In re Statewide Theatres Corp.*, 4 F. Supp. 86 (D. Del. 1933) ..................................................... 4

*In re Transatlantic and Pacific Corp.*, 216 F. Supp. 546 (S.D.N.Y. 1963).................................. 3

*In re United Button Co.*, 137 F. 668 (D. Del. 1904) ..................................................................... 4

*In re Willis*, 345 B.R. 647, 655 (B.A.P. 8th Cir. 2006)............................................................... 10

*In re Woodmar Realty Co.*, 241 F.2d 768 (7th Cir. 1957) ............................................................ 3

*Lafountaine v. Grobstein (In re Lafountaine)*, 2016 WL 3344003 (B.A.P. 9th Cir. June 7,
    2016) ............................................................................................................................... 5, 9, 11

*Licata v. Coan*, 2015 WL 9699304 (D. Conn. Sept. 22, 2015) .................................................... 7

*Rodriquez v. Global Air Parts LLC (In re Rodriguez)*, 327 B.R. 86 (Bankr. D. Conn.
    2005) ......................................................................................................................................... 6

*Spears v. Elder*, 156 Conn. App. 778 (2015)............................................................................... 6

*Sure-Snap Corp. v. State Street Bank & Trust Co.*, 948 F.2d 869 (2d Cir. 1991) ......................... 6

*Waldman v. Village of Kiryas Joel*, 207 F.3d 105 (2d Cir. 2000) ................................................. 6

**Statutes**

11 U.S.C. 706 ................................................................................................................................. 3, 8

**Other Authorities**

124 Cong. Rec. H. 11089, 11102 ...................................................................................................... 4

124 Cong. Rec. S. 17406, 17419 ...................................................................................................... 4

James Licata and First Connecticut Consulting Group, Inc. (the "Debtors"), by and through their undersigned counsel, hereby file this supplemental brief (the "Supplement") in support of the *Motion of James Licata and First Connecticut Consulting Group, Inc. for the Entry of an Order Converting These Chapter 7 Cases to Cases under Chapter 11 of the Bankruptcy Code* [Case No. 02-50852 (JTT), ECF No. 2704; Case No. 02-51167 (JTT), ECF No. 1006] (the "Motion"). In support of this Supplement and the Motion, the Debtors respectfully state as follows:

## BACKGROUND

On May 31, 2017, nearly fifteen years after these bankruptcy cases were filed, James Licata, by and through his undersigned counsel, filed the Motion with the United States Bankruptcy Court for the District of Connecticut (the "Court") seeking to reconvert the chapter 7 cases of First Connecticut Consulting Group, Inc. and James Licata (the "Bankruptcy Cases") to cases under chapter 11. In the Motion, Mr. Licata set forth reasons for the proposed conversion, namely to promptly complete these Bankruptcy Cases and provide substantial, immediate recoveries for all creditors on account of their allowed claims. Attached to the Motion, Mr. Licata provided term sheets for a post-petition financing facility and a plan of reorganization.

Unsurprisingly, the chapter 7 trustees appointed for Mr. Licata and First Connecticut Consulting Group, Inc. (the "Trustees") objected to the Motion. Rather than object to the legal bases set forth in the Motion, however, the *Trustees' Amended Objection to James J. Licata's Motion to Convert* [Case No. 02-50852 (JTT); ECT No. 2710; Case No 02-51167 (JTT), ECF No. 1101] was laden with attacks on Mr. Licata's character and patent untruths. Ignoring the implementation of a chief restructuring office and the post-petition financing secured by the Debtors from a well-established source to allow remaining creditors of the estates to be paid on

1

account of their claims, the Trustees intended to persuade the Court to reject the relief requested

by Mr. Licata based entirely on mischaracterizations or irrelevant facts.

On July 19, 2017, the Debtors filed the *Supplement of James Licata and First*

*Connecticut Consulting Group, Inc. in Support of an Order  Converting These Chapter 7 Cases*

*to Cases under Chapter 11 of the Bankruptcy Code* [Case No. 02-50852 (JTT); ECT No. 2716],

attached to which the Debtors provided a funding memorandum reflecting the third-party

commitment for critical post-petition financing and the credentials of the Debtors' proposed

chief restructuring officer, Grant Lyon.[1]

The parties appeared before this Court at a hearing on the Motion on July 20, 2017 (the

"Hearing"). During the Hearing, the Trustees and the United States Trustee for the District of

Connecticut opposed the relief requested in the Motion. Both the Trustees and the U.S. Trustee

devoted the majority of their oral argument to a recitation of alleged "bad acts" by Mr. Licata

over the course of these Bankruptcy Cases. The Debtors presented additional information

regarding the post-petition funding and the well-established investor who provided the

commitment. In the *Post-Hearing Supplement of James Licata and First Connecticut Consulting*

*Group, Inc. in Support of an Order Converting These Chapter 7 Cases to Cases under Chapter*

*11 of the Bankruptcy Code* [Case No. 02-50852, ECF No. 2723] (the "Post Hearing

Supplement"), the Debtors responded to questions presented by the Court at the Hearing.[2]

---

[1]    The Debtors remain ready, willing and able to both fund the reconverted cases and support the retention of a chief restructuring officer.

[2]    Not surprisingly, on July 28, 2017, A-1 Property Management, Inc., Diversified Venture Capital Investments Group, LLC, Fulton's Landing, Inc., Liberty Harbor Marina, Inc., Liberty Harbor North, LLC, Metropolitan Management, LLC, Lorraine Mocco and Peter Mocco (collectively, the "Mocco Parties") filed the *Mocco Parties' Post-Hearing Objection to the Debtors' Motion to Convert* [Case No. 02-50852; ECF No. 2725], joining in the Trustees' Objection and the oral opposition of the U.S. Trustee and responding to the Debtors' Post Hearing Supplement.

On September 12, 2017, the Court entered the *Supplemental Briefing Scheduling Order* [Case No. 02-50852; ECF No. 2730], directing the parties to file supplemental briefs addressing the Court's questions regarding whether Mr. Licata is a party in interest for purposes of reconversion under section 706(b) of the Bankruptcy Code.

## ARGUMENT

**I.     James Licata Qualifies as a "Party in Interest" under 11 U.S.C. § 706(b), both in his individual Chapter 7 case and the Chapter 7 case of First Connecticut Consulting Group.**

In response to the Court's first question, the Debtors respectfully submit that Mr. Licata is a "party in interest" within the meaning of section 706(b) of the Bankruptcy Code. This Court may convert a case under chapter 7 to a case under chapter 11 of the Bankruptcy Code at any time "[o]n request of a party in interest and after notice and a hearing." 11 U.S.C. § 706(b). The term "party in interest" is not defined by the Bankruptcy Code. *In re Kutner*, 3 B.R. 422, 424 (Bankr. N.D. Tex. 1980) ("Each [conversion section] uses the identical phrase…'on request of a party in interest…' The same words are used frequently throughout the [Bankruptcy] Code, but are nowhere defined.").

A common meaning ascribed to "party in interest" is "one whose pecuniary interest is directly affected by the bankruptcy proceeding." *In re Kutner*, 3 B.R. at 425; *In re Woodmar Realty Co.*, 241 F.2d 768, 770 (7th Cir. 1957); *In re Transatlantic and Pacific Corp.*, 216 F. Supp. 546, 552 (S.D.N.Y. 1963); *In re Statewide Theatres Corp.*, 4 F. Supp. 86, 87 (D. Del. 1933); *In re Devonian Mineral Spring Co.*, 272 F. 527, 532 (N.D. Ohio 1920). It should be noted, however, that each of these cases ultimately cite to *In re United Button Co.*, in which the definition of a party in interest includes a debtor:

> It is manifestly too narrow a construction of the phrase "parties in interest" to restrict it merely to unsecured creditors in bankruptcy. ***The bankrupt is not only literally but substantially a party in interest.*** A creditor holding security which

3

is sought to be set aside by the trustee in bankruptcy is also a party in interest. And it probably may be stated with accuracy that all persons whose pecuniary interests are directly affected by proceedings in bankruptcy are. . . parties in interest.

*In re United Button Co.*, 137 F. 668, 672 (D. Del. 1904) (emphasis added).

Further, the legislative history of the amendments to H.R. 8200 make clear that Congress intended that the Federal Rules of Bankruptcy Procedure and case law "will determine who is a party in interest for the particular purposes of the provision in question." Sept. 28, 1978, 124 Cong. Rec. H. 11089, 11102; Oct. 6, 1978, 124 Cong. Rec. S. 17406, 17419. Courts have interpreted this to mean that the phrase "party in interest" does not have a single meaning which can be equally applied throughout the Bankruptcy Code. *See In re Kutner*, 3 B.R. at 424. The specific meaning of "party in interest" for purposes of conversion under section 706(b) includes Mr. Licata.

First, in *In re James Licata*, Case No. 02-51167, Mr. Licata is the debtor. A debtor is a party in interest under section 706(b). *See Lafountaine v. Grobstein (In re Lafountaine)*, No. 15-1426, 2016 WL 3344003 at *6 (B.A.P. 9th Cir. June 7, 2016) ("Under *Section 706(b)* then, any party in interest, including a debtor, may request conversion of the case to chapter 11 at any time."). A copy of the *Lafountaine* decision is attached hereto as Exhibit "A". S*ee also In re Baker*, 289 B.R. 764, 767 (Bankr. M.D. Al. 2003) (Section 706(b)) "is available to all parties in interest, and not just debtors*.*"). In *In re First Connecticut Consulting Group, Inc.*, Mr. Licata is the president, a representative of the debtor, and 50% shareholder of debtor First Connecticut Consulting Group, Inc. Owners of companies liquidating under chapter 7 of the Bankruptcy Code are also parties in interest under section 706(b). *See, e.g., In re Seychelles*, 30 B.R. 72, 74 (Bankr. N.D.Tex. 1983) (finding that individual general partners are parties in interest that may

request conversion under section 706(b)). Case law supports the Debtors' submission that Mr.

Licata qualifies as a "party in interest" in both Bankruptcy Cases.

## II. The Doctrine of *Res Judicata* Does Not Preclude Mr. Licata from Asserting a Pecuniary Interest in His Individual Chapter 7 Case or the Chapter 7 Case of First Connecticut Consulting Group, and Does Not Preclude Him from Qualifying as a "Party in Interest."

In response to the Court's second question, the Debtors respectfully submit that *res*

*judicata* does not preclude Mr. Licata from asserting a pecuniary interest or from qualifying as a

"party in interest" in the Bankruptcy Cases. Under the doctrine of *res judicata*, a former

judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action on the

same claim. *Spears v. Elder*, 156 Conn. App. 778, 790 (2015). The test for *res judicata* used in

the Second Circuit requires that the (i) same parties, or their privies litigate the (ii) same cause of

action. *Sure-Snap Corp. v. State Street Bank & Trust Co.*, 948 F.2d 869, 873-74 (2d Cir. 1991).

The test for deciding sameness of claims requires that the same transaction, evidence and factual

issues be involved. *Id*; *see also Waldman v. Village of Kiryas Joel*, 207 F.3d 105, 108 (2d Cir.

2000) ("In deciding whether a suit is barred by res judicata, it must first be determined that the

second suit involves the same claim – or nucleus of operative fact – as the first suit."); *see also*

*Rodriquez v. Global Air Parts LLC (In re Rodriguez)*, 327 B.R. 86, 92 (Bankr. D. Conn. 2005)

(sameness of claims exists when the underlying facts are related in time, space, origin and

motivation, when they form a convenient trial unit, and when their treatment as a unit conforms

to parties' expectations). Also dispositive is whether an independent judgment in a separate

proceeding would impair or destroy rights or interests established by the judgment entered in the

first action. *Sure-Snap Corp. v. State Street Bank & Trust Co.*, 948 F.2d at 873-74. The Debtors

respectfully submit that the Court may not apply the doctrine of *res judicata* to preclude Mr.

Licata from asserting a pecuniary interest or qualifying as a party in interest in the Bankruptcy Cases because the causes of action asserted are not sufficiently identical.

Mr. Licata previously objected to a sale of estate assets. This Court overruled his objection, holding that Mr. Licata had no standing to object to a sale of assets because he had no pecuniary interest in the cases. *In re First Connecticut Consulting Group, Inc.*, No. 02-50852, 2014 WL 5092269 at *4 (Bankr. D. Conn. Oct. 9, 2014). Mr. Licata also objected to a settlement agreement entered into by the Trustees and the Mocco Parties. The Court overruled his objection for lack of standing and, on appeal, the United States District Court for the District of Connecticut found that Mr. Licata lacked standing to appeal because he had no interest in the distribution of the estate's property. *Licata v. Coan*, No. 14-1754 (MPS), 2015 WL 9699304 at *10 (D. Conn. Sept. 22, 2015). The Second Circuit Court of Appeals affirmed the ruling that Mr. Licata had no standing to appeal and found that this Court did not clearly err in finding there was no reasonable possibility of surplus. *In re Licata*, 659 Fed. Appx. 704, 706 (2d Cir. 2016).

The causes of action at issue are not sufficiently identical. The courts did not make a determination of whether Mr. Licata was a party in interest for purposes of the sale, the settlement or any other section under the Bankruptcy Code. Instead, the decision was whether Mr. Licata had standing to object to a sale or challenge a settlement. An independent judgment on conversion of these Bankruptcy Cases would not impair or destroy the rights established by previously rendered judgments.

Further, as set forth above, the phrase "party in interest" does not have a single meaning which can be equally applied throughout the Bankruptcy Code. *See In re Kutner*, 3 B.R. at 424. Even if this Court determined that Mr. Licata was not a "party in interest" able to challenge a

sale or settlement in the Bankruptcy Cases, it may also determine that Mr. Licata is a "party in interest" for purposes of reconversion under section 706(b).

Without the necessary evidence regarding remaining estate assets, Mr. Licata makes no judgment here regarding his pecuniary interest in these cases.[3] The orders previously entered in this Court, however, do not preclude him from qualifying as a "party in interest" under section 706(b). Indeed, Mr. Licata is a party in interest for the reasons set forth herein.

### III. Bankruptcy Courts have Determined that a Chapter 7 Debtor without a Pecuniary Interest Directly Affected by the Bankruptcy Proceeding Qualifies as a "Party in Interest" under 11 U.S.C. § 706(b)

In response to the Court's third question, the Debtors respectfully submit that a party without a pecuniary interest directly affected by the bankruptcy proceeding may qualify as a "party in interest" under section 706(b) of the Bankruptcy Code. Indeed, and also in response to the Court's fourth question, courts have determined that a debtor qualifies as "party in interest" under section 706(b) of the Bankruptcy Code. In *In re Lafountaine*, the Bankruptcy Appellate Panel for the Ninth Circuit states that "[u]nder Section 706(b) then, any party in interest, *including a debtor*, may request conversion of the case to chapter 11 at any time," specifically including debtors in the definition "party in interest" for purposes of section 706(b). *In re Lafountaine*, 2016 WL 3344003 at *2 (B.A.P. 9th Cir. June 7, 2016) (emphasis added).

The Ninth Circuit Bankruptcy Appellate Panel noted in *Lafountaine* that the "debtor is not the real party in interest in his chapter 7 bankruptcy" and does not have legal right to estate property. *In re Lafountaine*, 2016 WL 3344003 at *4 (B.A.P. 9th Cir. June 7, 2016). The United

---

[3] The Debtors note, however, that on March 30, 2016, Trustee Ronald I. Chorches filed a complaint against Mr. Licata pursuant to section 727 of the Bankruptcy Code seeking to deny discharge of Mr. Licata. *See Chorches, Trustee v. Licata*, Adv. Pro. No. 16-05016 [ECF No. 1] (Bankr. D. Del. Mar. 30, 2016). If successful, the effect of this adversary proceeding will be that Mr. Licata remains liable to his creditors after conclusion of his chapter 7 bankruptcy case. Mr. Licata therefore will have an interest as a non-discharged debtor. Further, reconversion of these Bankruptcy Cases to cases under chapter 11 will reduce the amount of claims against Mr. Licata. Upon reconversion, Mr. Licata will have equity in Debtor First Connecticut Consulting Group, Inc.

States Trustee for the Central District of California alleged that the chapter 7 trustee appointed in *Lafountaine* would not be able to generate sufficient funds to pay creditors in full. *See In re Marlow Curtis LaFountaine*, Case No. 14-22000 (SY) [ECF No. 75] (Bankr. C.D.Ca. Nov. 19, 2015). The Bankruptcy Appellate Panel found that the debtor was unable to repay its secured and unsecured creditors. *See In re Lafountaine*, 2016 WL 334003 at *4-5 (B.A.P. 9th Cir. June 7, 2016). The *Lafountaine* debtor was therefore insolvent and had no pecuniary interest directly affected by the bankruptcy proceedings. Notwithstanding the foregoing, the Bankruptcy Appellate Panel determined that the debtor was a party in interest for purposes of section 706(b) of the Bankruptcy Code.

Further, courts have issued decisions that state section 706(b) is the proper and applicable section by which a debtor should move to reconvert a case from chapter 7 to chapter 11. *See, e.g. In re Willis*, 345 B.R. 647, 655 (B.A.P. 8th Cir. 2006) ("Since this case has been previously converted under § 1307, [section 706(a)] is not applicable. Section 706(b)…is applicable…"); *In re Frantz*, 2015 WL 1778068 (Bankr. D. Id. Apr. 16, 2015) ("Here, Debtors stipulated…to convert from chapter 11 to chapter 7. That conversion was necessarily based on § 1112, thus Debtors have no ability or right to convert the case back to chapter 11 under § 706(a), and the Dismissal/Reconversion Motion must fall under § 706(b).").

Additionally, where courts deny a motion for reconversion brought by a debtor, the denial rests on grounds other than whether a debtor is a "party in interest" for purposes of section 706(b). *See, e.g.*, *Home Network Builders, Inc.*, 2006 WL 3419791 (D.N.J. Nov. 22, 2006) (affirming the bankruptcy court's denial of a motion to reconvert a case to a case under chapter 11 on the grounds that reorganization was unlikely); *In re Willis*, 345 B.R. at 655 (affirming a bankruptcy court's denial of a motion to reconvert a chapter 7 case to chapter 11 on the grounds

of fraudulent, evasive and uncooperative behavior); *In re Frantz*, 2015 WL 1778068 (Bankr. D. Id. Apr. 16, 2015) (denying a motion to reconvert after finding it was not in the best interests of the creditors of the estate and would not further the goals of the Bankruptcy Code); *In re Lafountaine*, 2016 WL 3344003 at *3-4 (B.A.P. 9th Cir. June 7, 2016) (affirming the bankruptcy court's denial of a motion to reconvert because the debtor provided no evidence that his financial circumstances had changed). Of course, here, as reconversion is in the best interests of creditors in light of a demonstrated and well-evidenced change of financial circumstance, all of these authorities are important.

Finally, certain courts have declined to convert chapter 7 cases to cases under chapter 11 of the Bankruptcy Code because conversion would provide no benefits to the debtor, and therefore, by only benefiting creditors, will not "inure to the benefit of all parties in interest." In these analyses, courts include debtors in the definition of "all parties in interest" to whom benefits must be conferred in order to convert a case under section 706(b). *See, e.g., In re Quinn*, 490 B.R. 607, 621-22 (Bankr. D.N.M. 2012) (denies a motion to convert a chapter 7 case to chapter 11 because although conversion would benefit creditors, it would not benefit the debtor at all, and therefore does not benefit "all parties in interest."); *In re Lobera*, 454 B.R. 824, 853-54 (Bankr. D.N.M. 2011) (same); *In re Karlinger-Smith*, 544 B.R. 126, 133-34 (Bankr. W.D. Tex. 2016) ("But here there is no evidence of any benefit to the Debtors or a net benefit to parties in interest considered as a whole. All the Court would accomplish by converting this case is the zero-sum transfer of some portion of the Debtors' future income to creditors, at the cost of the chapter 11 process. Taken as a whole, the parties in interest will be worse off."). The Debtors have not found any case law which determines that debtors are excluded from the definition of "parties in interest" under section 706(b) of the Bankruptcy Code, and respectfully submit that

9

the Court should find that Mr. Licata qualifies as a "party in interest" under section 706(b) of the Bankruptcy Code.

## CONCLUSION

WHEREFORE, for all the foregoing reasons, the Debtors respectfully submit that Mr. Licata is a party in interest under section 706(b) of the Bankruptcy Code and respectfully request the Court enter an order converting these Bankruptcy Cases to cases under Chapter 11 of the Bankruptcy Code, and granting such other and further relief as the Court deems just and proper.

September 26, 2017

JAMES J. LICATA,
BY HIS ATTORNEYS
**CUMMINGS & LOCKWOOD LLC**

By: /s/  John F. Carberry
    John F. Carberry, Esq. (ct02881)
    Six Landmark Square
    Stamford, CT 06901
    Tel: (203) 327-1700
    Fax: (203) 351-4535
    Email: jcarberry@cl-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2017, a copy of the foregoing SUPPLEMENTAL BRIEF OF JAMES LICATA AND FIRST CONNECTICUT CONSULTING GROUP, INC. IN SUPPORT OF AN ORDER CONVERTING THESE CHAPTER 7 CASES TO CASES UNDER CHAPTER 11 OF THE BANKRUPTCY CODE was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone appearing but unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

By: /s/  John F. Carberry_____
       John F. Carberry